IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-686-JJF |
| WARDEN PERRY PHELPS, LT. L. SAVAGE, LINDA KEMP, THOMAS AIELLO, and LT. DRACE, | : |
| Defendants. | : |

Ivan L. Mendez, Pro se Plaintiff. James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

Delaware 4, 2009
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Ivan L. Mendez ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears pro se and has been given leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

## I. BACKGROUND

Plaintiff alleges that Defendants removed him from protective custody on September 16, 2008, "only to be harmed, hurted, abused and damaged . . . causing [him] severe irreversible damages." (D.I. 1.) He also alleges that he has internal bleeding, hepatitis C, and is not provided prescribed nitroglycerin medication for a "risky heart condition."

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

2

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). The Court is "especially careful when assessing frivolousness in the case of in forma pauperis complaints, for 'prisoners often must rely on the courts as the only available forum to redress their grievances, even when those grievances seem insignificant to one

3

who is not so confined.'"  See Deutsch, 67 F.3d at 1090.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In order to satisfy the personal involvement requirement for a § 1983 claim, the Complaint need only allege the conduct, time, place, and person responsible. See Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005)(citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980)); see also Solan v. Ranck, 326 F. App'x 97, 101 (3d Cir. 2009) (not published).

Here, inasmuch as Defendants are not apprised of their alleged conduct or where it occurred, they cannot adequately respond to the Complaint as it is currently pled. Additionally, the Complaint contains generic claims of denial of medical care, but the allegations are not directed towards any person.

5

Plaintiff is obligated to provide the grounds of his entitlement to relief, but he fails to do so. Indeed, the bare allegations fail to set forth facts indicating that Defendants personally directed or knew of and acquiesced in any alleged constitutional violation. See Evancho v. Fisher, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's Complaint cannot stand.

For the above reasons, the Court will dismiss the Complaint. Since it appears plausible that Plaintiff might be able to articulate a claim against Defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

Based upon the foregoing analysis, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to amend his Complaint.

An appropriate Order will be entered.